IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Civil No. 2:99-CR-0652BSJ |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | **FILED** |
| JOSE YAIR GOMEZ-DIAZ, et al., ) | CLERK, U.S. DISTRICT COURT |
| ) | April 11, 2007 (3:11pm) |
| Defendants. ) | DISTRICT OF UTAH |

\* \* \* \* \* \* \* \* \*

On April 2, 2007, defendant Jose Yair Gomez-Diaz filed a document captioned as a "Motion to Reduce or Correct Sentence Pursuant to Rule 35, Federal Rules of Criminal Procedure" (dkt. no. 213).

Rule 35 of the Federal Rules of Criminal Procedure reads:

**Rule 35. Correcting or Reducing a Sentence**

**(a) Correcting Clear Error.** Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

**(b) Reducing a Sentence for Substantial Assistance.**

**(1) In General.** Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:

**(A)** the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and

**(B)** reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

**(2) Later Motion.**  Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

**(A)** information not known to the defendant until one year or more after sentencing;

**(B)** information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

**(C)** information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

**(3) Evaluating Substantial Assistance.**  In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

**(4) Below Statutory Minimum.**  When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

Gomez-Diaz makes this motion far more than seven days after his sentencing on July 25, 2000.  (*See* Judgment in a Criminal Case, filed August 1, 2000 (dkt. no. 145).) As the Tenth Circuit has explained, " a court may act pursuant to Rule 35(a) to correct a sentence only within seven days of orally pronouncing sentence.  We have held that this seven-day time limit is jurisdictional." *United States v. Green*, 405 F.3d 1180, 1185 (10th Cir. 2005) (citations omitted).  Thus, this court has no power to act upon Gomez-Diaz's motion pursuant to Fed. R. Crim. P. 35(a).

The Government is not making this motion pursuant to Rule 35(b), and the Tenth

Circuit has treated Rule 35(b)'s requirement that the Government must make the motion as jurisdictional as well. *See United States v. Perez*, 955 F.2d 34, 35 (10th Cir. 1992) (Rule 35(b) allows for correction of sentence only upon motion of government). Thus, absent a motion made by the Government, this court has no power to act in this case under Fed. R. Crim. P. 35(b).

Therefore,

**IT IS ORDERED** that Gomez-Diaz's "Motion to Reduce or Correct Sentence Pursuant to Rule 35, Federal Rules of Criminal Procedure" (dkt. no. 213) must be and is hereby DENIED.

DATED this ____ day of April, 2007.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge

Circuit has treated Rule 35(b)'s requirement that the Government must make the motion as jurisdictional as well. *See United States v. Perez*, 955 F.2d 34, 35 (10th Cir. 1992) (Rule 35(b) allows for correction of sentence only upon motion of government). Thus, absent a motion made by the Government, this court has no power to act in this case under Fed. R. Crim. P. 35(b).

Therefore,

**IT IS ORDERED** that Gomez-Diaz's "Motion to Reduce or Correct Sentence Pursuant to Rule 35, Federal Rules of Criminal Procedure" (dkt. no. 213) must be and is hereby DENIED.

DATED this __11__ day of April, 2007.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge